FILED
JAN 19 2005
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA, § § Plaintiff-Respondent § § v. § § ANGEL LATORRE, § § Defendant-Movant § | Civil Action No. SA-04-CA-782 FB  Criminal Case No. SA-01-CR-644-EP |

## MEMORANDUM OPINION AND ORDER

Before the Court is movant Latorre's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (docket entry no. 26). The motion challenges the two 105 month concurrent sentences he received in 2002 for attempting to coerce and entice a minor to engage in sexual activity and traveling in interstate commerce with intent to engage in sexual activity with a juvenile in violation of 18 U.S.C. §§ 2422(b) and 2423. In sum, movant Latorre argues his sentence violates the Supreme Court's decision in *Blakely v. Washington*[1] because the district court misapplied unspecified enhancements and adjustments to his sentence. After thoroughly reviewing movant Latorre's submissions, the record of prior proceedings, Respondent's Answer,[2] and pursuant to Rule 8(1) of the Rules Governing Section 2255 Proceedings, this Court finds an evidentiary hearing is unnecessary and that Movant's motion should be summarily denied.

### I. Jurisdiction

Jurisdiction is noted pursuant to Title 28 U.S.C. § 2255.

---

[1] 124 S. Ct. 2531, 2537 (2004) ("the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings," i.e. upward adjustments based on judicial fact finding dictated by the guidelines violates *Blakely*).

[2] Docket entry no. 29.

31

## II. Statement of the Case & Analysis

Following a bench trial, movant Latorre was convicted of attempting to coerce and entice a minor to engage in sexual activity and traveling in interstate commerce with intent to engage in sexual activity with a juvenile in violation of 18 U.S.C. §§ 2422(b) and 2423. On June 13, 2002, the Court sentenced him to two, concurrent, 105 month terms of imprisonment. The Judgment and Commitment Order was entered June 17, 2002.[3] Movant Latorre directly appealed his conviction challenging only one condition of his supervised release. The United States Court of Appeals for the Fifth Circuit affirmed his conviction on March 3, 2003.[4] The United States Supreme Court subsequently denied his petition for a *writ of certiorari* on October 6, 2003. Movant Latorre timely filed this § 2255 motion on August 20, 2004.

As noted above movant Latorre's instant § 2255 motion argues his sentence violates the Supreme Court's decision in *Blakely* because the district court misapplied unspecified enhancements and adjustments to his sentence. By asserting his sentence violates *Blakely*, movant Latorre, essentially argues the application of the United States Sentencing Guidelines violates the Sixth Amendment. Movant Latorre's claims do not warrant habeas relief for several reasons. First, movant Latorre did not make a direct appeal of his sentence, and habeas review "will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quotation marks omitted). Thus, by failing to challenge the validity of his sentence on appeal, movant Lastorre procedurally defaulted his Sixth Amendment claim. *See id.* "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Id.* at 622 (citations omitted). Movant Latorre does not assert that he

---

[3] Docket entry no. 21.

[4] *United States v. Latorre,* No. 02-50622 (5th Cir. 2002).

is actually innocent, nor can he demonstrate cause for his failure to raise the claim on appeal. Furthermore, his counsel's failure to appeal on this ground does not fall below an objective standard of reasonableness so as to constitute ineffective assistance of counsel.

Second, although the Supreme Court held in *United States v. Booker,* 2005 W.L. 50108 (U.S. Jan. 12, 2005) that *Blakely* invalidates sentences under the United States Sentencing Guidelines, the Supreme Court has not yet declared that *Blakely* applies retroactively to cases on collateral review. Therefore, the rule in *Blakely*, and now *Booker,* is of no aid to Latorre in the resolution of his motion. *See Simpson v. United States*, 376 F.3d 679, 681-682 (7th Cir.2004) (finding that, even if *Blakely* announced a new constitutional rule, "the Supreme Court has not made the *Blakely* rule applicable to cases on collateral review"); *In re: Dean*, 375 F.3d 1287, 1290 (11th Cir.2004) (holding that the *Blakely* rule does not apply retroactively on collateral review and cannot authorize a successive habeas petition); and *see generally Lilly v. United States*, 342 F.Supp.2d 532 (W.D. Va. 2004) (same); *Orchard v. United States*, 332 F.Supp.2d 275 (D.Me.2004) (same); *Morris v. United States*, 333 F.Supp.2d 759 (C.D.Ill.2004) (same); *Jaubert v. Dretke*, 2004 WL 1923893, at 1 n. 3, (N.D.Tex. Aug. 27, 2004) (same); *Concepcion v. United States*, 328 F.Supp.2d 372, 374 (E.D.N.Y.2004) (same); *Rosario-Dominguez v. United States*, 2004 WL 1814021, at 9 n. 3 (S.D.N.Y. Aug. 16, 2004); *United States v. Lowe*, 2004 WL 1803354, at 3 (N.D.Ill. Aug. 5, 2004); *Garcia v. United States*, 2004 WL 1752588, at 6 (N.D.N.Y. Aug. 4, 2004) (noting that "because *Apprendi* does not apply retroactively to collateral attacks and *Blakely* is an extension of *Apprendi*, *Blakely* is similarly limited to prospective application"); and *United States v. Stoltz*, 325 F.Supp.2d 982, 987 (D.Minn.2004). Therefore, *Blakely* is not applicable in a § 2255 proceeding[5] and movant Latorre is not entitled to relief.

---

[5] *Id.*

Accordingly, it is hereby **ORDERED** that:

The referral of this cause to the Magistrate Judge is **WITHDRAWN** and Movant Latorre's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (docket entry no. 26) is **DENIED**. All other pending motions are **DENIED** as moot.

It is so **ORDERED**.

**SIGNED** this _19th_ day of January, 2005.

_____
Fred Biery
United States District Judge